Matter of Saunders

2026 NY Slip Op 02842

May 6, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Lillian Saunders, deceased. Public Administrator of Kings County, etc., respondent; American Regional Capital, LLC, appellant. (File No. 861/16)

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 6, 2026

2024-03864

Lara J. Genovesi, J.P.

Linda Christopher

Lillian Wan

Donna-Marie E. Golia, JJ.

Robert M. Marx, New York, NY, for appellant.

Charles G. Fiore, P.C., New York, NY, for respondent.

[*1]

DECISION & ORDER

In a proceeding pursuant to SCPA article 19 to determine the disposition of certain real property, American Regional Capital, LLC, appeals from an order and decree (one paper) of the Surrogate's Court, Kings County (Bernard J. Graham, S.), dated February 28, 2024. The order and decree, upon an order of the same court dated February 9, 2024, granting the petitioner's motion for summary judgment striking a deed of American Regional Capital, LLC, to the subject property to the extent of vacating that deed for the limited purpose of allowing a sale of the subject property by the petitioner, granted the same relief to the petitioner and declared that the deed of American Regional Capital, LLC, to the subject property is null and void and stricken of record.

ORDERED that the order and decree is affirmed, with costs.

The decedent, Lillian Saunders, died intestate in February 2013. Based on an investigation conducted by the Public Administrator of Kings County, the decedent appeared to have no known surviving relatives, and in January 2017, temporary letters of administration were issued to the Public Administrator. The estate consisted only of certain real property located in Kings County (hereinafter the subject property).

A search of property records revealed that a March 2017 deed (hereinafter the subject deed) purportedly transferred the subject property from Brenda J. Gills to American Regional Capital, LLC (hereinafter ARC). Gills, a resident of St. Vincent and the Grenadines, alleged that she was "a Surviving Heir/Beneficiary/Distributee of LILLIAN SAUNDERS 'Her Cousin.'"

In November 2017, the Public Administrator commenced this proceeding pursuant to SCPA article 19 to determine the disposition of the subject property, alleging that the subject deed was "clearly part of a fraudulent scheme . . . to stop or delay the Public Administrator from selling the property in question and distributing the proceeds to the true kin of the decedent, as will be determined at a kinship hearing." ARC answered the petition, denying the allegations and asserting various affirmative defenses. Thereafter, in July 2023, the Public Administrator moved for summary judgment striking the subject deed. ARC opposed the motion.

In an order dated February 9, 2024, the Surrogate's Court determined that "it would [*2]be error to grant a final award of summary judgment to the Public Administrator due to the possibility that [ARC] may have a valid interest in the estate when it obtained the partial interest from Brenda Gills." The court, however, granted the Public Administrator's motion for summary judgment to the extent of vacating the subject deed for the limited purpose of allowing an arms-length sale of the subject property by the Public Administrator. The court stated that "[n]otwithstanding the striking of the deed, [ARC] shall have an opportunity to prove that [it] acquired a fractional share of the subject property from a rightful heir of [the decedent] and that the transaction was not the product of fraudulent or unconscionable conduct on the part of [ARC]."

In an order and decree dated February 28, 2024, the Surrogate's Court, inter alia, declared the subject deed to be null and void and stricken of record. ARC appeals.

The role of the Surrogate's Court is to "preserve and enhance, as far as possible, the assets of decedents' estates" (Matter of Jones, 8 NY2d 24, 27 [internal quotation marks omitted]; see Matter of Graves, 197 Misc 555, 557 [Sur Ct, Erie County]). "In fulfilling these duties, a Surrogate should be guided by the best interests of the estate" (Matter of Kahn, 173 AD3d 744, 745; see generally SCPA 201[3]; 209).

"When a property owner dies intestate, title to real property automatically vests in his or her distributees as tenants in common" (LCD Holding Corp. v Powell-Allen, 203 AD3d 811, 812; see Matter of Blango, 166 AD3d 767, 768). However, while an interest in the property may automatically vest with the distributees, SCPA 1901(1) provides that the Surrogate's Court "may authorize or direct the disposition of a decedent's real property or any interest therein for any of the purposes set forth in [SCPA 1902]," which includes the payment of expenses, debts, and taxes, "the payment and distribution of their respective shares to the persons entitled thereto," and "any other purpose the court deems necessary" (id. § 1902[6], [7]). Thus, the vesting of title is subject to an administrator's duty to ensure that all debts and obligations of the estate are met (see 72634552 Corp. v Okon, 189 AD3d 1317, 1318-1319; Matter of Katz, 55 AD3d 836; Matter of Ballesteros, 20 AD3d 414, 415).

Here, the Public Administrator established, prima facie, that a sale of the subject property was necessary to avoid foreclosure of the subject property and to preserve the estate's sole asset and that the subject deed was delaying a sale of the subject property and distribution of the proceeds to "the true kin of the decedent" (see SCPA 1902; Matter of Ballesteros, 20 AD3d at 414-415). In opposition, ARC failed to raise a triable issue of fact.

ARC's remaining contentions are either improperly raised for the first time on appeal or without merit.

Accordingly, the Surrogate's Court properly granted the Public Administrator's motion for summary judgment to the extent of vacating the subject deed for the limited purpose of allowing a sale of the subject property by the Public Administrator and declared that the subject deed is null and void and stricken of record.

GENOVESI, J.P., CHRISTOPHER, WAN and GOLIA, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court